UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11232-RGS

TIMOTHY EDDINGTON

v.

BUREAU OF PRISONS, et al.

MEMORANDUM AND ORDER

June 14, 2019

For the reasons set forth below, the court (1) grants plaintiff twenty-eight days to either pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his prison account statement; and (2) denies without prejudice plaintiff's motion to appoint counsel.

BACKGROUND

On June 3, 2019, Timothy Eddington, a prisoner now incarcerated at FMC Devens, filed a complaint seeking a declaratory judgment, injunctive relief, and monetary damages pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Docket No. 1, Complaint ("Compl."). With the complaint, Eddington filed a Memorandum of Law in Support of Plaintiff's Motion for Preliminary

Injunction, TRO and Suit and a Motion to Appoint Counsel. *See* Docket Nos. 2, 3.

## FILING FEE

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).

Here, Eddington has not paid the filing fee and has not sought leave to proceed *in forma pauperis*. *See* Docket. He acknowledges in the complaint that he is a "three strikes" litigant pursuant to 28 U.S.C. § 1915(g).[1] Compl. ¶ 15, p. 8; *see also Eddington v. Grondolsky*, No. 16-11711-DJC, 2016 WL 6584904 (D. Mass. 2016) (collecting cases).

If Eddington wishes to proceed with this action, he will be granted additional time to either (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Because he is a three-strikes litigant,

---

[1] A prisoner may not bring an *in forma pauperis* civil action if the prisoner has, on three or more prior occasions, brought an action that was dismissed because it was frivolous, malicious, or failed to state a claim, unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Eddington may only proceed *in forma pauperis* if he is under imminent danger of serious physical injury.

## PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF

The Court will not construe plaintiff's requests as a preliminary injunction, because preliminary injunctions may not be issued without notice to the adverse party, and no motion has been filed by plaintiff. *See* Fed. R. Civ. P. 65(a)(1). To the extent plaintiff seeks a temporary restraining order, there is no certification in writing of any effort plaintiff has made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ. P. 65(b).

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.*

Here, plaintiff's motion will be denied because the filing fee issue has not been determined and, at this early stage of litigation, the court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of *pro bono* counsel.

ORDER

Accordingly, the court hereby orders:

1. If plaintiff wishes to proceed with this action, within 28 days of this Memorandum and Order, plaintiff shall either (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure of the plaintiff to comply with this directive may result in the dismissal of this action.

2. Plaintiff's Motion to Appoint Counsel is denied without prejudice.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE