UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11232-RGS

TIMOTHY EDDINGTON

v.

BUREAU OF PRISONS, et al.

ORDER

June 17, 2019

By Memorandum and Order dated June 14, 2019, the court denied without prejudice plaintiff's motion to appoint counsel and granted plaintiff additional time either (1) to file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his prison account statement or (2) to pay the $400 filing and administrative fees. *See* Docket No. 7. Plaintiff was advised that because he is a three-strikes litigant, he may only proceed *in forma pauperis* if he is under imminent danger of serious physical injury. *Id.* With the Memorandum and Order, plaintiff was provided a blank Application to Proceed in District Court without Prepaying Fees or Costs. *See* Docket No. 7-1.

At the same time the Court issued its Memorandum and Order, plaintiff filed a letter addressed to the Clerk of Court explaining that he plans

to amend his complaint and inquiring as to any additional costs for pursuing class-wide relief. *See* Docket No. 6.

Concerning the filing fee, plaintiff acknowledges that he is a three-strikes litigant and explains that his family provided $350 to him for payment of the filing fee for this action. Plaintiff is reminded that unless he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, he must pay the $400 filing and administrative fees ($350.00 filing fee and $50.00 administrative fee). *See* 28 U.S.C. § 1914(a).

In his letter, plaintiff explains that he may amend his complaint to (1) add additional plaintiffs and defendants, (2) to add a claim under the Federal Tort Claims Act, and to possibly seek class certification. As to plaintiff's intent to file an amended complaint, a party may amend his complaint as a matter of course (without seeking leave of court) within 21 days after serving the original complaint, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Here, summons have not yet issued, and will not issue until the filing fee issue is resolved.

Rule 20(a) of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs or defendants in a single action if "there

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). If an amended complaint is filed with more than one plaintiff, each plaintiff must sign the amended complaint. Where there are multiple plaintiffs in a civil action, it has been the practice of this court to apportion equally the filing fee between or among all plaintiffs.

Under Rule 23(c) of the Federal Rules of Civil Procedure, a class can only be certified if the following four requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "As a general rule ... an individual appearing *pro se* may not represent other individuals in federal court, *see* 28 U.S.C. § 1654, and courts have routinely denied a prisoner's request to represent a class of prisoners without the assistance of counsel." *Vazquez v. Fed. Bureau of Prisons*, 999 F.Supp.2d 174, 177 (D.D.C. 2013) (citing cases).

Accordingly, plaintiff is reminded that if he wishes to proceed with this action, by July 12, 2019, he shall either (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure of the plaintiff to comply with this directive may result in the dismissal of this action.

        SO ORDERED.

        /s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE